Lorraine C. SANT et al., Plaintiffs,

v.

MACK TRUCKS, INC., dba Mack Western, Defendant.

No. C–76–723 SC.

United States District Court,
N. D. California.

Sept. 24, 1976.

Stephen F. Von Till, Von Till & Grimmer, Newark, Cal., for plaintiffs.

Alan B. Carlson, Robert F. Millman, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendant.

## ORDER

CONTI, District Judge.

This matter is before the court on defendant's motion to strike certain allegations seeking damages for pain and suffering which allegedly resulted from the wrongful dismissal of plaintiff Vermillion due to his age. Jurisdiction is based on Section 7 of

the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 626) and the Fair Labor Standards Act (FLSA) (29 U.S.C. § 216).

The enforcement provision of the ADEA unites the available remedies under the ADEA and the FLSA, requiring that both Acts be read together. 29 U.S.C. § 626(b). The language of both Acts makes it clear that any monetary recovery under either Act is limited to the amount of unpaid minimum wages, unpaid overtime compensation or in certain instances an additional equal amount in liquidated damages. 29 U.S.C. § 216(b); 29 U.S.C. § 626(b).

The thrust of the Act is aimed at prohibiting arbitrary age discrimination in employment. 29 U.S.C. § 621(b). To effectuate this purpose most ADEA violations are remedied by compelling employment, reinstatement or promotion along with wages due during the period of the wrong. The Act draws its parameters of protected interests around the pecuniary employment relationship between the employer and the employee. Personal interests, such as bodily and mental integrity, are well outside the boundaries of the Act. Thus, to allow recovery for pain and suffering for ADEA violations would be beyond the scope of the Act and beyond the jurisdiction of the court.

For support of his pain and suffering claim, petitioner relies solely on a recent New Jersey District Court decision. *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324 (D.N.J.1975). There, the court held that the ADEA established a new statutory tort which allows for a panoply of tort remedies if liability is established. To establish the new legal duty, the court analogized the ADEA to Section 812 of the Civil Rights Act of 1968 (42 U.S.C. § 3612), which allows the awarding of actual damages. In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Court stated that a damage action under Section 812 sounds basically in tort and creates a new legal duty, permitting compensatory relief for a wrongful breach. It is the view of this court that the New Jersey court's anal-

ogy is misplaced and the ADEA does not create a new statutory tort. The language of the ADEA does not provide for the awarding of actual damages. Rather, the ADEA limits monetary recovery to lost wages.

From a policy point of view, to allow recovery for pain and suffering would transform the ADEA from an act that seeks to eliminate and redress age discrimination to one for personal injuries. To effectuate voluntary compliance with the requirements of the ADEA, the Act requires conciliation, conference and persuasion before a civil action can commence. 29 U.S.C. § 626(b). If large tort recoveries are allowable under the ADEA, it is doubtful that alleged age discriminatees will enter into good faith conference and conciliation when around the corner lies the possibility of large dollar pain and suffering recoveries.

For the above reasons, it is the order of the court that the allegations stated in paragraph III, lines 21 through and including 28 on page 4 of plaintiffs' complaint and the relief stated in paragraph III, lines 1 through and including 4 on page 5 of plaintiffs' complaint, be stricken. Since both parties agree, it is further ordered that the issues of liquidated damages, attorneys' fees, costs and injunctive relief, be tried by the court.