James Patrick LOONEY, Plaintiff,

v.

COMMERCIAL UNION ASSURANCE
COMPANIES, a Foreign
Corporation, Defendant.

Civ. No. 6–70207.

United States District Court,
E. D. Michigan, S. D.

March 9, 1977.

Sheldon J. Stark, Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich., for plaintiff.

Thomas M. Hathaway, Riley & Roumell, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

DeMASCIO, District Judge.

Plaintiff instituted this suit against his former employer pursuant to the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Count I alleges three distinct violations of the ADEA. In addition to alleging that defendant discriminatorily discharged him because of his age in violation of 29 U.S.C. § 623(a)(1), Count I alleges that defendant discriminated against plaintiff with respect to the terms and conditions of his employment in violation of 29 U.S.C. § 623(a)(1) and that plaintiff's discharge was further occasioned by retaliation against plaintiff for having assisted others in proceedings pursuant to ADEA, a violation of 29 U.S.C. § 623(d). Count II, a state claim, alleges that defendant's treatment of plaintiff violated the Michigan Fair Employment Practices Act, M.C.L.A. § 423.301, *et seq.* The complaint includes a demand for a jury trial and seeks reinstatement, back pay, compensatory and exemplary damages, costs and attorney fees.

Defendant has filed a motion to dismiss certain claims for lack of jurisdiction and a motion to strike plaintiff's demand for a jury trial and compensatory and exemplary damages. Defendant contends that the "notice of intent to sue" plaintiff filed with the Secretary of Labor makes out only a claim of discriminatory discharge and is not sufficiently broad to include the "retaliation" and "terms and conditions" charges advanced in the complaint. Thus, defendant argues that plaintiff's failure to comply with the notice requirements of 29 U.S.C. § 626 with respect to his "retaliation" and "terms and conditions" allegations necessitates dismissal of those claims, since the notice requirement is jurisdictional in nature.

Plaintiff's notice of intent to sue for age discrimination, required by 29 U.S.C. § 626(d), states in pertinent part:

On May 9, 1975, at approximately 4:00 P.M., after nearly TWENTY–THREE (23) years of loyal and devoted service to the company in various capacities, Mr. Looney was informed that he was discharged and terminated as of 4:30 P.M. that day.

The pretextual reasons for this discharge and termination appear to be totally unsatisfactory work performance. However, it appears that Mr. Looney had just been promoted as a result of his good service and given a pay increase.

Plaintiff argues that such notice is sufficiently broad to include both the "retaliation" and "terms and conditions" claims advanced in the complaint, citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).[1]

■ Compliance with the notice requirements set forth by 29 U.S.C. § 626 is a jurisdictional prerequisite to an ADEA suit. *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 249 (6th Cir. 1976); *Rucker v. Great Scott Supermarkets,* 528 F.2d 393, 394 (6th Cir. 1976); *Ott v. Midland-Ross Corp.,* 523 F.2d 1367, 1370 (6th Cir. 1975); *Hiscott v. General Electric Co.,* 521 F.2d 632 (6th Cir. 1975). The notice "determines the scope of the alleged violation and thereby serves to narrow the issues for prompt adjudication and decision." *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 720 (7th Cir. 1969).[2] Here, the plaintiff simply did not comply with the notice requirements of 29 U.S.C. § 626 with regard to his "retaliation" and "terms and conditions" claims. Since the filing requirement is jurisdictional in nature, these claims must be dismissed.[3]

■ Defendant has also filed a motion to strike plaintiff's demand for a jury trial and plaintiff's prayer for compensatory and exemplary damages, contending that such damages are not recoverable under ADEA and that there is no right to a jury trial under ADEA. In *Morelock v. NCR Corp.,* 546 F.2d 682 (Decided December 20, 1976) *noted in* 45 U.S.L.W. 2316 (January 11, 1977), the plaintiffs

> sought relief from the trial court in the form of reinstatement with back pay and benefits, a preliminary and permanent injunction enjoining [the defendant] from discriminating against any and all of the [plaintiffs] because of their age, and compensatory, punitive and liquidated damages. *Morelock, supra,* at p. 686.

Plaintiffs appealed the trial court's order setting aside the jury verdict and defendant cross-appealed "as to the propriety of a jury trial in actions brought under the ADEA." *Morelock, supra,* at p. 685. The court held that plaintiffs' ADEA action was essentially equitable so that there was no right to a jury trial in that case.[4] Thus, the court was

---

1. Although *Sanchez* is a Title VII case, plaintiff correctly notes the relationship between Title VII and ADEA cases. We agree that there is a parallel relationship between the two acts. *See, e. g., Morelock v. NCR Corp.,* 546 F.2d 682, 686 (6th Cir., decided December 20, 1976); *Laugesen v. Anaconda Co.,* 510 F.2d 307, 311 (6th Cir. 1975); *Hodgson v. First Federal Savings & Loan Ass'n,* 455 F.2d 818, 820 (5th Cir. 1972); *Schulz v. Hickok Mfg. Co.,* 358 F.Supp. 1208, 1212 n. 2 (N.D.Ga.1973).

2. *Bowe,* like *Sanchez,* is a Title VII case, but, as was noted in footnote 1, above, the analogy to Title VII cases is appropriate and helpful in ADEA cases.

3. In several Title VII cases where the complaint included but was not limited to the charge or charges filed with the Equal Employment Opportunity Commission (EEOC), courts have stricken the new charges. *See, e. g., Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 522 F.2d 1235, 1241 (7th Cir. 1975) (plaintiff precluded from suing for sex discrimination where her EEOC charge alleged only racial discrimi-

nation); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir. 1967) (dismissing claimant's Title VII charge against employer where claimant filed an EEOC charge against employment agency only but brought suit against both the employment agency and the prospective employer); *Edwards v. North American Rockwell Corp.,* 291 F.Supp. 199, 203–08 (C.D.Cal.1968) (dismissing race discrimination count where plaintiff had only properly filed an EEOC charge with respect to sex discrimination).

4. The court observed that the jury trial question could only be answered on a case-by-case basis, since whether an ADEA action is essentially equitable or legal in nature can only be determined by the relief sought. Of course, the court was not asked to face the more basic question of whether legal relief is available in ADEA actions; rather, the court, not having a challenge to plaintiffs' prayer for relief before it, assumed that successful ADEA plaintiffs could recover all forms of relief, both legal and equitable.

faced with the issue whether a jury trial is available under ADEA when both legal and equitable damages are sought but the action is essentially equitable in nature. The court held that a jury trial was not available in such circumstances. We are faced, however, with an even more basic question: whether exemplary and compensatory damages are available under ADEA.[5] We have concluded that they are not. A request for such an award is inconsistent with the purpose of ADEA. *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 839 (3d Cir. filed January 20, 1977), *rev'g in part* 404 F.Supp. 324 (D.N.J.1975), *noted in* 45 U.S.L.W. 2366 (February 8, 1977). In our view, the availability of exemplary or punitive damages has been foreclosed by 29 U.S.C. § 626(b), which provides that the court may award an ADEA claimant liquidated damages "only in cases of willful violations" of the ADEA. 29 U.S.C. § 216(b), which is incorporated into ADEA for enforcement purposes by 29 U.S.C. § 626(b), provides that such liquidated damages shall be an amount equal to the unpaid wages found due because of the willful ADEA violation.[6] Thus, ADEA expressly allows a double recovery in cases of willful violations. To find that punitive or exemplary damages are available to ADEA claimants in addition to this statutory provision would render the liquidated damages provisions superfluous.

█ Similarly, an award of compensatory damages for pain and suffering is equally inconsistent with the ADEA. *Rogers v. Exxon Research & Engineering Co., supra,* 550 F.2d 834 at 840; *Sant v. Mack Trucks, Inc.,* 424 F.Supp. 621, 622 (N.D.Cal., 1976), *noted in* 45 U.S.L.W. 2222 (November 2, 1976). The ADEA specifically grants the court

> . . . jurisdiction to grant such legal or equitable relief *as may be appropriate to effectuate the purposes of this chapter,* including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts [due for ADEA violations] . . . . 29 U.S.C. § 626(b) (emphasis added).

It is significant that only equitable forms of relief are listed. In *Equal Employment Opportunity Comm'n v. Detroit Edison Co.,* 515 F.2d 301, 308–09 (6th Cir. 1975), the court held that the principle of *ejusdem generis* limits the type of relief that the court may grant a Title VII plaintiff other than that listed in the statute. We agree that ADEA is analogous to Title VII, as the court observed in *Morelock.* There is, however, a difference between the language of the two statutes. Title VII provides that the court may grant several forms of equitable relief "or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g), while the ADEA permits the court to "grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation" several listed forms of equitable

---

5. This issue is more basic than the jury trial issue because the latter largely depends upon the relief sought. *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *see also Curtis v. Loether,* 415 U.S. 189, 193–96, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). The relief sought, in turn, depends upon the relief *available* to redress the type of claim upon which a plaintiff sues.

6. The ADEA provides that:

> The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. . . . Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. . . . 29 U.S.C. § 626(b) (emphasis in original).

Thus, ADEA incorporates some of the enforcement provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* including the provisions relating to liquidated damages. Liquidated damages under the ADEA, then, are closely akin to punitive damages, a "legal" remedy. Liquidated damages issues, however, are triable to the court under the FLSA. *McClanahan v. Mathews,* 440 F.2d 320 (6th Cir. 1971). The result should be the same under the ADEA. *Cf. Rogers v. Exxon Research & Engineering Co., supra,* at 842 n. 14.

relief, 29 U.S.C. § 626(b).[7] The court in *Detroit Edison,* however, did not find that only equitable relief was available under Title VII because of the phrase "or any other equitable relief"; rather, it found that such a result was compelled by the principle of *ejusdem generis,* so that the "other" available relief was limited to the same kind listed by the statute.

▌ The ADEA, on the other hand, first provides that liquidated damages are available for willful violations. This provision essentially allows a recovery of punitive damages, but only in an amount equal to the unpaid compensation due because of the violation. The statute then states that the court may grant both legal and equitable relief to effectuate the purposes of the Act and lists several forms of equitable relief. The word "legal" refers to the liquidated damages award which the preceding sentence of the Act makes available and the principle of *ejusdem generis* limits the available unlisted forms of relief to the same kind of relief as that enumerated. The remedies contained in the list are, without exception, equitable remedies.[8] Moreover, an award of compensatory damages would be inconsistent with the purposes of ADEA—a judgment compelling reinstatement and back pay (double if willful) makes an ADEA plaintiff whole, within the contemplation of Congress. *Rogers v. Exxon Research & Engineering Co., supra,* at 840–842; *Sant v. Mack Trucks, Inc., supra,* 424 F.Supp. at 622. The intent of the framers

of the act simply was not to create a statutory tort for which the full panoply of legal and equitable remedies is available. Thus, we cannot agree with the contrary holding in *Combes v. Griffin Television, Inc.,* 421 F.Supp. 841, 847 (W.D.Okla.1976); *Bertrand v. Orkin Exterminating Co.,* 419 F.Supp. 1123, 1132–33 (N.D.Ill.1976); and *Murphy v. American Motor Sales Corp.,* 410 F.Supp. 1403, 1405 (N.D.Ga.1976). The court in *Murphy* principally relied upon the district court's holding in *Rogers, supra,* which was later reversed on appeal to the United States Court of Appeals for the Third Circuit. Similarly, *Bertrand* relied exclusively upon the district court's opinion in *Rogers,* finding it "persuasive." 419 F.Supp. at 1132. *Combes,* in turn, relied upon the district court decisions in *Rogers* and *Bertrand.*[9]

▌ Since we have concluded that the ADEA does not authorize the recovery of compensatory and punitive or exemplary damages, we also hold that there is no right to a jury trial under the ADEA. *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The Third Circuit held to the contrary in *Rogers, supra,* but this holding was based upon that court's view that back pay is legal relief, *see Rogers v. Exxon Research & Engineering Co., supra,* at 839 n. 6. In this Circuit, however, back pay awards are a form of restitution, an equitable remedy. *Equal Employment Opportunity Comm'n v. Detroit Edison Co.,* 515 F.2d 301, 308 (6th Cir. 1975). The fact

7. *See* note, 8, *infra.*

8. The listed forms of relief are "judgments compelling employment, reinstatement, or promotion" (injunctive relief, equitable in nature) and judgments "enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation." The latter remedy, judgments for the amount of money found to be due for ADEA violations, comprehends judgments for back pay and for liquidated damages in the case of willful violations. Back pay awards are a form of restitution, an equitable remedy. *Detroit Edison, supra,* 515 F.2d at 308; *contra, Rogers v. Exxon Research & Engineering Co., supra,* at 839 n. 6.

9. Other decisions also demonstrate the confusion attendant to the jury trial and compensatory damages issues. *See, e. g., Cleverly v.*

*Western Electric Co.,* 69 F.R.D. 348 (W.D.Mo. 1975); *Chilton v. National Cash Register Co.,* 370 F.Supp. 660 (S.D.Ohio 1974), *cited in Morelock v. NCR Corp., supra,* at 689, n. 17; *Brennan v. International Harvester Co.,* 7 E.P.D. ¶ 9171 (N.D.Ill.1974); and *Hodgson v. Bowman,* 4 E.P.D. ¶ 7601 (E.D.Tenn.1971). *Cleverly* and *Chilton,* however, both included holdings that back pay issues are legal in nature, contrary to the later holding of the Sixth Circuit that back pay is a form of restitution, an equitable remedy. *Detroit Edison, supra; see also Pons v. Lorillard,* 69 F.R.D. 576, 577 (M.D.N.C. 1976). Thus, the continued validity of the *Chilton* case is doubtful. *See Morelock v. NCR Corp., supra,* at 689, n. 17.

that liquidated damages, traditionally regarded as "legal relief", are recoverable by an ADEA claimant in cases of willful violations does not compel an opposite conclusion with respect to the issues involved in such a claim, since the award of liquidated damages is within the sound discretion of the court. *McClanahan v. Mathews,* 440 F.2d 320 (6th Cir. 1971); *see* note 6, *supra.*

Finally, we have concluded that it would not be appropriate to exercise our pendent jurisdiction over plaintiff's state claim for age discrimination under Michigan's Fair Employment Practices Act (FEPA), M.C.L.A. § 423.301, *et seq.* It is not clear whether a private cause of action for age discrimination will lie under Michigan law. Although *Pompey v. General Motors Corp.,* 385 Mich. 537, 189 N.W.2d 243 (1971), held that a private cause of action for race discrimination in violation of Michigan's FEPA is maintainable, that case could be construed to authorize private suits under state law only for racial discrimination. Since Michigan courts have yet to decide this question, it is appropriate that we decline to hear the state claim. Moreover, since we have concluded that plaintiff is not entitled to a jury trial in the instant action, and since that conclusion would apply to any pendent claim as well as the federal claim, *Byrd v. Blue Ridge Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *see also* C. Wright, Law of Federal Courts 403 (2d ed. 1970), it is especially appropriate that we not exercise our pendent jurisdiction over the state claim, inasmuch as plaintiff may well be entitled to a jury trial on that claim under Michigan law.

Accordingly, IT IS ORDERED that defendant's motion to dismiss plaintiff's complaint insofar as it alleges claims other than for discriminatory discharge in violation of ADEA be and the same hereby is granted;

IT IS FURTHER ORDERED that Count II of the complaint, the state law claim, be and the same hereby is dismissed;

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's prayer for compensatory and exemplary damages be and the same hereby is granted;

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's demand for a jury trial be and the same hereby is granted;

IT IS FURTHER ORDERED that plaintiff shall file, within 20 days from the date of this order, an amended complaint consistent with the provisions of this memorandum.