**Heinz M. SCHLICKE, Plaintiff,**

**v.**

**ALLEN-BRADLEY COMPANY, Defendant.**

**Civ. A. No. 76-C-717.**

United States District Court, E. D. Wisconsin.

April 17, 1978.

Howard N. Myers, Richard D. Hicks, Robert G. Dowling, Milwaukee, Wis., for plaintiff.

Laurence E. Gooding, Jr., George K. Whyte, Jr., Patrick W. Schmidt, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. The plaintiff Heinz M. Schlicke alleges that he was discriminated against in the terms and conditions of his employment and that he was terminated from employment with the defendant Allen-Bradley Company because of his age in violation of the ADEA. He sets forth two claims, the first seeking damages representing lost compensation, reduced pension and other benefits, and liquidated damages, and the second seeking damages for harm to the plaintiff's professional reputation. The defendant has moved to strike the second claim of the complaint on the ground that the ADEA does not contemplate recovery for injury to professional reputation. For the reasons hereafter stated, the motion will be granted.

Section 626(b) of 29 U.S.C. provides:

> "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. * * * Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. * * *."

Section 626(c) of 29 U.S.C. provides in part:

> "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: * * *."

The plaintiff argues that by its use of the language "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, * * * without limitation," Congress intended to permit the recovery of damages for intangible injuries, such as injuries to reputation, and did not intend to limit the types of recovery to those set forth in 29 U.S.C. § 626(b), i. e., to equitable relief such as employment, promotion, and reinstatement, and also damages for unpaid minimum wages or overtime compensation.

However, the ADEA creates a remedy for the injury of discrimination on the basis of age, which was not compensable at common law. Therefore the Court must look to the statute to determine both the elements of the injury created and the types of remedy available and cannot import into the statute injuries or remedies not provided for therein.

Had Congress intended to create a new tort resulting from discrimination on the basis of age and to provide as part of the remedy therefor recovery of damages for injury to reputation, it would have done so in terms which were not ambiguous. See *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621 (N.D.Cal.1976).

The "without limitation" language in 29 U.S.C. § 626(b) applies to the types of relief set forth immediately thereafter. That is, a court may grant relief in the form of "judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime com-

pensation under this section," without limitation on the power of the court to tailor the terms and conditions of such relief to the particular injury being compensated within, however, the limitations as to type of relief set forth in that section.

Similarly, 29 U.S.C. § 626(b) acts as a limitation on 29 U.S.C. § 626(c), and in providing in § 626(c) that any person aggrieved may bring a civil action "for such legal or equitable relief as will effectuate the purposes of this chapter," Congress has already limited the types of relief that in its opinion will effectuate the purposes of the chapter by the more explicit language in § 626(b).

For the foregoing reasons,

IT IS ORDERED that the motion of the defendant Allen-Bradley Company to strike the second claim of the complaint is granted.