**Carl KNERR, Plaintiff,**

v.

**NORGE COMPANY, DIVISION OF FEDDERS CORPORATION, a corporation, Defendant.**

**Civ. No. 79–2080–B.**

United States District Court, S. D. Illinois.

Sept. 26, 1979.

Paul S. Murphy, Craig, Brandon & Murphy, Herrin, Ill., for plaintiff.

John W. Huffman, Kimmel, Huffman, Prosser & Kimmel, Carbondale, Ill., for defendant.

## ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Strike filed on May 31, 1979. Both parties have submitted briefs in compliance with Local Rule that have been of great assistance to the Court. Therefore, the Court will proceed to the merits of the Motion to Strike.

Plaintiff's complaint is based on an alleged violation by the defendant of the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiff's complaint alleges in paragraph 16 that as a consequence of his discharge, he has suffered damages in the amount of $300,000 for injury to his reputation, health and well being. The defendant has filed this Motion to Strike alleging that paragraph 16 (and its corresponding prayer for relief) is improper and immaterial under the ADEA.

Although research has revealed no Seventh Circuit decision dealing directly with the issue of general damages under ADEA,

---

18. *See*, Testimony of William Greenough, Chief Executive Officer of defendant TIAA/CREF, which we fully credit.

there is certainly no shortage of legal opinion on this issue.[1]

 The Third and Fifth Circuit have held that compensatory damages are not permissible under ADEA.[2] This Court is not aware of a decision by any circuit holding that the statutory scheme under the ADEA permits compensatory damages. The Court has carefully considered the reasoning of courts allowing compensatory damages, but finds that the ADEA by its terms does not include compensatory damages as a possible remedy for a violation of the act.[3]

Since this Court wholeheartedly agrees with the analysis in *Rogers* and *Dean,* an exhaustive discussion is not necessary. However, the Court feels that the subsequent Supreme Court decision in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), has added even more support for the analysis in *Rogers* and *Dean,* and, therefore, a brief discussion of the purposes of the ADEA as interpreted in those cases would serve to clearly delineate the reasons for this Court's opinion.

The ADEA incorporates part of the enforcement provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA):

> The provisions of this Act shall be enforced in accordance with the powers, remedies and procedures provided in sections 11(b), 16 (except for subsection (a) thereof), and 17 of the Fair Labor Standards Act of 1938, as amended, and subsection (c) of this Act shall be deemed to be a prohibited act under section 15 of the Fair Labor Standards Act of 1938, as amended. Amounts owing shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended. *Provided,* that liquidated damages shall be payable in cases of willful violations.

As the *Dean* court pointed out, reading together the ADEA and applicable sections of the FLSA, an employer is subject to liability to the employee for "unpaid minimum wages or unpaid overtime compensation" and that amount may be doubled to provide "liquidated damages" in cases of willful violations. 559 F.2d at 1037.

29 U.S.C. § 626 further provides:

> In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

The plaintiff contends that since § 626 authorizes all "legal or equitable relief . . . to effectuate the purposes of this chapter . . . .", we must construe this section to sanction general compensatory damages which plaintiff feels would "effectuate the

---

1. These courts have refused compensatory damages: *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d Cir. 1977); *Dean v. American Sec. Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977); *Cobb v. Chevron* (N.D.Ga. April 25, 1977); *Looney v. Commercial Union Assurance Co.,* 428 F.Supp. 533 (E.D.Mich.1977); *Sant v. Mack Trucks,* 424 F.Supp. 621 (N.D.Cal.1976); *contra, Combes v. Griffin Television, Inc.,* 421 F.Supp. 841, 847 (W.D.Okl.1976); *Bertrand v. Orkin Exterminating Co.,* 419 F.Supp. 1123, 1132–33 (N.D.Ill.1976); aff'd on rehearing, 432 F.Supp. 952 (N.D.Ill.1977).

2. *Dean* and *Rogers, supra.*

3. The Court has read Judge Decker's opinion in the *Bertrand* case and although we find merit in Judge Decker's analysis, this Court is persuaded that the analogous Supreme Court discussion in a case decided after *Bertrand, Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), indicates that the Supreme Court would analyze the compensation damage issue much the same as the Third and Fifth Circuits in *Rogers* and *Dean, supra.*

purposes" of the ADEA. Although there is some authority[4] for plaintiff's contention, this Court is persuaded that the ADEA does not sanction general compensatory damages.

This Court is most influenced by the fact that the ADEA by its own terms encourages the employment of administrative remedies and suits brought by the Secretary of Labor. Although the ADEA provides for private lawsuits, the statute clearly favors informal settlement by the Secretary.[5] Sections (c) and (d) of § 626 clearly indicate the preference for the use of administrative remedies:

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the *right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.*

(d) No civil action may be commenced by any individual under this section *until* the individual has given the Secretary not less than sixty days' notice of an intent to file such action. (Emphasis added)

The statute favors conciliation and settlement through administrative remedies. The ADEA does not include general compensatory damages as part of a possible recovery under the administrative scheme. It seems incongruous to this Court that Congress would encourage informal settlement through administrative channels while allowing a much greater reward to plaintiff who sought relief through a private lawsuit.

Congress selectively incorporated certain aspects of the FLSA and a part of that incorporation was the use of the remedies under FLSA. As pointed out in the Supreme Court opinion in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978):

Pursuant to § 626(b) violations of the ADEA generally are to be treated as violations of the FLSA. "Amounts owing . . . as a result of a violation" of the ADEA are to be treated as "unpaid minimum wages or [unpaid] overtime compensation" under the FLSA and the rights created by the ADEA are to be "enforced in accordance with the powers, *remedies* and procedures" of specified sections of the FLSA. 29 U.S.C. § 626(b), 434 U.S. at 579, 98 S.Ct. at 869. (emphasis added)

It is apparent that Congress chose to incorporate the remedies of the FLSA as the appropriate remedies under ADEA. The FLSA does not allow general compensatory damages.

Plaintiff contends in opposition to the above discussion that reference to the FLSA should not be made in interpretation of the ADEA. He contends[6] that the statute should be broadly construed to allow general damages to thereby further the statute's purpose. He concedes that pain and suffering are not available under FLSA but argues that there are different purposes for the two acts which militate against relying on one to interpret the other.

The Supreme Court in *Lorillard, supra,* rejected a similar contention in discussing the right to a jury trial under the ADEA. The Court's opinion pointed out that Con-

**4.** See footnote 1 for the district court cases upholding plaintiff's position.

**5.** The report of the Committee on Labor and Public Welfare reflects this preference: A condition precedent to the bringing of an action by an individual is that he must give the Secretary 60 days notice of intention to do so. This is to allow time for the Secretary to mediate the grievance. It is intended that the responsibility for enforcement vested in the Secretary by Section 7 be initially directed through informal

methods of conciliation and that the formal methods be applied only if voluntary compliance cannot be achieved. 113 Cong.Rec. 31254 (Nov. 6, 1967)

**6.** Plaintiff's contention is based upon the well reasoned opinions by the district judges in *Bertrand, Combes* and *Rogers.* This Court cannot agree with those decisions, especially in light of the language employed by the Supreme Court in *Lorillard.*

gress had selectively incorporated the provisions of the FLSA in enacting the ADEA. The Court stated:

So too, where, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute.

That presumption is particularly appropriate here since, in enacting the ADEA, Congress exhibited both a detailed knowledge of the FLSA provisions and their judicial interpretation and a willingness to depart from those provisions regarded as undesirable or inappropriate for incorporation.

. . . This selectivity that Congress exhibited in incorporating provisions and in modifying certain FLSA practices strongly suggests that but for those changes Congress expressly made, it intended to incorporate fully the *remedies* and procedures of the FLSA. Senator Javits, one of the floor managers of the bill, so indicated in describing the enforcement section which became part of the Act: "The enforcement techniques provided by (the ADEA) are directly analogous to those available under the Fair Labor Standards Act; in fact (the ADEA) incorporates by reference, to the greatest extent possible, the provisions of the (FLSA)." 113 Cong.Rec. 31254 (1967). And by directing that actions for lost wages under the ADEA be treated as actions for unpaid minimum wages or overtime compensation under the FLSA, § 7(b), 29 U.S.C. § 626(b), Congress dictated that the jury trial right then available to enforce that FLSA liability would also be available in private actions under the ADEA. (emphasis added)

The conclusion is clear that Congress could have established separate remedies under the ADEA but that it specifically incorporated those provisions of the FLSA. By so doing, Congress indicated an intent to limit remedies in ADEA cases to those specifically enumerated in the FLSA.

In light of the Third and Fifth Circuit decisions in *Rogers* and *Dean* and the Supreme Court language in *Lorillard,* the Court grants the defendant's Motion to Strike because general damages for pain and suffering were not intended to be a remedy under the ADEA.

IT IS SO ORDERED.