Jim A. LYONS, Plaintiff,

v.

ALLENDALE MUTUAL INSURANCE COMPANY, Defendant.

Civ. A. No. C79–1818A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 13, 1980.

## ORDER

Mallard & McDonald, Atlanta, Ga., for plaintiff.

Jefferson D. Kirby, III, Ford, Harrison, Sullivan, Lowry & Sykes, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This suit is brought under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 et seq.) (hereinafter "ADEA"). In paragraph 7 of his complaint Mr. Lyons asserted that as a result of defendant's discriminatory act in firing him he had been forced to secure employment in another state and sell his Georgia home, incurring consequential damages. In paragraph (b) of his prayer for damages pursuant to 29 U.S.C. § 626(b), Mr. Lyons seeks to be awarded "such amounts as may be determined to be the losses of Plaintiff as a result of Defendant's act, including moving expenses, the difference between the interest rate and the note secured by home in Georgia and the interest rate upon a note secured by a house in his new location, the difference in commuting expenses, and such other losses as may be proved by the Plaintiff. . . ."

The case comes before the court on defendant's Motion to Strike the consequential damages allegations of Count 7 and to strike paragraph (b) of the prayer for relief, on the ground that the ADEA does not authorize the award of such damages.

The court agrees that the consequential damages Mr. Lyons seeks may not be awarded under the Act. It was not the purpose of the Act to allow recovery of general damages. *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5th Cir. 1977) *cert. den.* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767. "In summary, we hold that neither general damages nor punitive damages are recoverable in private actions posited upon the ADEA." 559 F.2d at 1040. Accord, *Walker v. Pettit Construction Company, Inc.*, 605 F.2d 128 (4th Cir. 1979); *Slatin v. Stanford Research Institute*, 590 F.2d 1292 (4th Cir. 1979); *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (1st Cir. 1978); *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (3rd Cir. 1977) *cert. den.* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770.

The court acknowledges that some authority exists for awarding the kind of damages Mr. Lyons seeks. E. g., *Buchholz v. Symons Manufacturing Co.*, 445 F.Supp. 706 (E.D.Wis.1978) (damages for pain and suffering awarded); *Bertrand v. Orkin Exterminating Co.*, 432 F.Supp. 952 (N.D.Ill. 1977) (compensatory damages without limitation may be awarded). However, the court concludes that the better view is to the contrary.

"The enforcement provision of the ADEA unites the available remedies under the ADEA and the FLSA, requiring that both Acts be read together. 29 U.S.C. § 626(b). The language of both Acts makes it clear that any monetary recovery under either Act is limited to the amount of unpaid minimum wages, unpaid overtime compensation or in certain instances an additional equal amount in liquidated damages. 29 U.S.C. § 216(b); 29 U.S.C. § 626(b)." *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621, 622 (N.D.Cal.1976). Stated another way, ". . . compensatory damages for such items as pain, suffering, humiliation, mental or emotional distress are not recoverable in ADEA actions [citing *Sant*]. . . . The same reasoning disallows recovery for punitive damages in these cases. The liqui-

dated damages provided by § 216(b) are available as an alternative to compensatory and punitive damages. . . . To allow compensatory and punitive damages, plus statutory liquidated damages, would be to permit double recovery, an impermissible result under ADEA." *Fellows v. Medford Corp.*, 431 F.Supp. 199, 202 (D.Or.1977). Accord, *Looney v. Commercial Union Assurance Companies*, 428 F.Supp. 533 (E.D. Mich.1977); *Hannon v. Continental National Bank*, 427 F.Supp. 215, 217–218 (D.Colo. 1977); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1336–1338 (E.D.Pa.1976); *Travers v. Corning Glass Works*, 76 F.R.D. 431 (S.D.N.Y.1977).

Accordingly, paragraph (b) of Mr. Lyons' prayer for relief is dismissed for failure to state a claim. The contested portion of paragraph 7 of the complaint, however, will not be stricken because the allegations contained therein may be pertinent to the computation of back pay and set-off. *See*, e. g., *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir. 1975).