Raymond C. BLIM, Morris E. Kinghorn, J. F. Vukasovic, Ralph V. Oldham, Stanley L. Boarts, Eugene Firestone, Wallace S. Repetto, and Larry N. Stewart, Plaintiffs,

v.

WESTERN ELECTRIC CO., INC., a New York Corporation, Defendant.

No. CIV–78–0977–E.

United States District Court, W. D. Oklahoma.

Sept. 5, 1980.

Philip F. Horning, James R. Moore and Linda King of Horning, Johnson & Grove, Oklahoma City, Okl., for plaintiffs.

William D. Curlee of Lytle, Soule & Emery, Oklahoma City, Okl., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

EUBANKS, District Judge.

### Background

The above entitled case was bifurcated and the liability portion came on for trial on March 3, 1980, through March 11, 1980, and was tried to the court and jury, with Philip F. Horning and James R. Moore appearing as attorneys for plaintiffs, and William D. Curlee appearing as attorney for defendant.

The jury found the defendant liable to all plaintiffs for age discrimination in its verdict of March 11, 1980, for failure to repromote plaintiffs to Section Chief. By special interrogatory, the jury also found said discrimination willful as to each plaintiff.

On August 13, 1980, through August 15, 1980, the damages portion of the case was tried to the court, with the same counsel appearing for the same parties. On August 29, 1980, further evidence was heard with respect to the pension benefits issue and also with respect to attorney fees, and further arguments were heard on several legal issues. After hearing and considering all the evidence of the parties, all of the legal authorities submitted, and being fully advised herein, the court now makes the following findings of fact and conclusions of law with regard to the damages owed by defendant to plaintiffs.

### FINDINGS OF FACT

1. At the time of the damages portion of the trial, each plaintiff's age, years with the company, time in grade as a Section Chief prior to demotion, date of demotion from Section Chief, and percent of control (relating to salary) at demotion, was as follows:

A. RAYMOND C. BLIM, age fifty–five (55), fifteen (15) years as a Section Chief, thirty–two (32) years with the company, demoted April 28, 1975, percent of control 102.25.

B. MORRIS E. KINGHORN, age fifty–four (54), seventeen (17) years as a Section Chief, thirty (30) years with the company, demoted April 15, 1975, percent of control 105.56.

C. J. F. VUKASOVIC, age fifty–seven (57), fifteen (15) years as a Section Chief, thirty–nine (39) years with the company, demoted April 15, 1975, percent of control 107.64.

D. RALPH V. OLDHAM, age sixty–one (61), five (5) years as a Section Chief, twenty–nine (29) years with the company, demoted April 28, 1975, percent of control 102.15.

E. STANLEY L. BOARTS, age fifty–nine (59), thirteen (13) years as a

Section Chief, twenty (20) years with the company, demoted April 28, 1975, percent of control 103.33.

F. EUGENE FIRESTONE, age sixty-one (61), nine (9) years as a Section Chief, thirty-four (34) years with the company, demoted June 1, 1974, percent of control 104.71.

G. WALLACE E. REPETTO, age fifty-seven (57), five (5) years as a Section Chief, thirty-four (34) years with the company, demoted April 1, 1975, percent of control 99.5.

None of the plaintiffs were ever repromoted to Section Chief except MORRIS E. KINGHORN, who was repromoted on March 21, 1979, after the commencement of this action, with his percent of control lowered to 90 percent.

2. Each plaintiff is presently eligible to retire without penalty from the defendant company with the exception of plaintiff BOARTS, who will be so eligible in October 1980. The planned retirement date of each plaintiff is as follows:

A. Plaintiff BLIM, August 26, 1981.

B. Plaintiff KINGHORN, February 16, 1988.

C. Plaintiff VUKASOVIC, April 15, 1981.

D. Plaintiff OLDHAM, March 10, 1981.

E. Plaintiff BOARTS, March 31, 1981.

F. Plaintiff FIRESTONE, March 1, 1981.

G. Plaintiff REPETTO, June 12, 1981.

3. After the demotions of plaintiffs and others, the defendant company began promotions and repromotions to the level of Section Chief on October 11, 1976, when it promoted seven (7) employees to Section Chief who had never held that position previously. Their ages were thirty-four (34), thirty-four (34), thirty (30), thirty (30), thirty-eight (38), twenty-nine (29) and thirty (30)—all younger than KINGHORN, the youngest plaintiff. On that same day, defendant repromoted five (5) employees who had previously held the position of Section Chief, four (4) of whom were younger than KINGHORN.

4. On December 20, 1976, defendant made its next series of promotions and re-promotions to Section Chief when it promoted six (6) employees who had never held that position previously. Their ages were thirty-four (34), thirty-eight (38), forty-three (43), forty-one (41), twenty-nine (29) and thirty-six (36)—all younger than KINGHORN. On that same day, defendant re-promoted two (2) employees who had previously been a Section Chief, one (1) of whom was younger than KINGHORN.

5. The plaintiffs were ready, willing and able to serve as Section Chiefs on the dates of the first promotions and repromotions and have been so up to the present time, although each at trial expressed a preference for "front pay" in lieu of reinstatement.

6. The willful discrimination found by the jury commenced against plaintiffs on October 11, 1976, and said date should be used as the "start date" for lost back wages suffered by the plaintiffs. In calculating lost wages for the plaintiffs, the percent of control element in the wage calculation should be that percent of control assigned to each plaintiff at the time of his demotion. The parties have agreed as to the point value per job and base constant elements of the wage calculation for the plaintiffs.

7. Due to the willful age discrimination of the defendant company, each of the plaintiffs has suffered lost back wages, lost "front wages," lost contributions and earnings on the Bell Systems Savings Plan, lost social security benefits, lost purchasing power on back wages, and loss in the form of additional income taxes which will be paid upon the damage award herein due to the bunching of said damages in the form of income into one taxable period. Said damages are set out specifically in No. 9 herein.

8. That in addition to the foregoing, the plaintiffs should be restored to their rightful place with respect to pension rights with the defendant company, and in this regard it has been offered by the defendant that in the event this judgment is finally upheld the company volunteers to and urges this court to allow each plaintiff such pension, if and when he becomes entitled to start re-

ceiving one, as he would have been awarded had he been restored to the position of Section Chief on October 11, 1976, at the percent of control held by each plaintiff at the time of his original demotion, and continued in such capacity to the date he became eligible to start receiving a pension. The court believes that this remedy is superior to and more accurate than any monetary award could possibly be and therefore will direct that no lump sum award be made for loss of pension benefits but that the agreement of the company to make pension payments as aforesaid be formally ordered.

9. Each plaintiff has suffered damages in the categories set out as follows:

### RAYMOND C. BLIM

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 20,829.12 | $ 5,207.28 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 6,133.03 | 1,533.26 |
| Loss of participation in Bell System Savings Plan | 859.11 | 214.78 |
| Loss of Social Security Benefits | 2,653.46 | 1,220.59 |
| Loss of purchasing power | 4,559.86 | 1,139.97 |
| | | 9,315.88 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 9,315.88 | |
| | 44,350.46 | |
| Liquidated damages | 44,350.46 | |
| TOTAL | $ 88,700.92 | |

### STANLEY L. BOARTS

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 33,876.66 | $ 8,469.17 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 6,115.84 | 1,528.96 |
| Loss of participation in Bell System Savings Plan | 1,319.00 | 329.75 |
| Loss of Social Security Benefits | 2,230.05 | 1,025.82 |
| Loss of purchasing power | 7,224.44 | 1,806.11 |
| | | 13,159.81 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 13,159.81 | |
| | 63,925.80 | |
| Liquidated damages | 63,925.80 | |
| TOTAL | $127,851.60 | |

### EUGENE FIRESTONE

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 28,699.65 | $ 7,174.91 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 4,287.35 | 1,071,84 |
| Loss of participation in Bell System Savings Plan | 1,062.26 | 265.57 |
| Loss of Social Security Benefits | 641.25 | 294.98 |
| Loss of purchasing power | 6,242.97 | 1,560.74 |
| | | 10,368.04 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 10,368.04 | |
| | 51,301.52 | |
| Liquidated damages | 51,301.52 | |
| TOTAL | $102,603.04 | |

### JOSEPH F. VUKASOVIC

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 29,721.32 | $ 7,430.33 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 5,986.03 | 1,496.51 |
| Loss of participation in Bell System Savings Plan | 1,217.13 | 304.28 |
| Loss of Social Security Benefits | 1,547.91 | 712.04 |
| Loss of purchasing power | 6,309.02 | 1,577.26 |
| | | 11,520.42 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 11,520.42 | |
| | 56,301.83 | |
| Liquidated damages | 56,301.83 | |
| TOTAL | $112,603.66 | |

### MORRIS E. KINGHORN

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 20,830.20 | $ 5,207.55 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 20.091.41 | 5,022.85 |
| Loss of participation in Bell System Savings Plan | 1,540.11 | 384.53 |
| Loss of purchasing power | 5,313.99 | 1,328.50 |
| | | 11,943.43 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 11,943.43 | |
| | 59,719.14 | |
| Liquidated damages | 59,719.14 | |
| TOTAL | $119,438.28 | |

RALPH F. OLDHAM

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 18,568.81 | $ 4,642.20 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 3,298.32 | 824.58 |
| Loss of participation in Bell System Savings Plan | 716.30 | 179.08 |
| Loss of purchasing power | 3,965.73 | 991.48 |
| | | 6,637.29 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 6,637.29 | |
| | 33,186.45 | |
| Liquidated damages | 33,186.45 | |
| TOTAL | $ 66,372.90 | |

WALLACE S. REPETTO

| | Amount | Income Tax Effect |
|---|---|---|
| Lost Wages, until 8/13/80 | $ 27,715.44 | $ 6,928.86 |
| Lost Wages, from 8/13/80 (without allowance for inflation) | 8,603.06 | 2,150.77 |
| Loss of participation in Bell System Savings Plan | 974.61 | 243.65 |
| Loss of purchasing power | 6,255.04 | 1,563.76 |
| | | 10,887.04 |
| Income taxes, in addition to those payable, if amounts had been received in the normal course of business | 10,887.04 | |
| | 54,435.19 | |
| Liquidated damages | 54,435.19 | |
| TOTAL | $108,870.38 | |

10. The damage amounts reflected above for social security losses are measured by the costs of annuities which would provide the plaintiffs monthly benefits equal to the difference between social security benefits they should have received upon their retirement absent any discrimination and social security benefits they will actually receive. These "costs of annuities" discount to present day value the social security losses taking into consideration mortality and interest earnable and they contemplate the exhaustion of the award at the end of plaintiffs' expected life spans. They are therefore a proper measure of damages.

11. Each plaintiff is entitled to liquidated damages in an amount equal to the pecuniary damages set out in No. 9 herein:

A. Back Pay;

B. Front Pay, without any allowance for inflation;

C. Loss of Bell System Savings Plan Benefits;

D. Lost Social Security Benefits;

E. Lost purchasing power; and

F. Additional income taxes.

12. Plaintiffs are also entitled to recover from defendant reasonable attorney fees and costs for the prosecution of this action and this court finds that a fair and reasonable attorney's fee is One Hundred Seventy–Five Thousand Dollars ($175,000.00).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter of this action under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, et seq. Venue is proper herein.

2. The court concludes that plaintiffs are entitled to recover lost back pay in the amounts shown above. *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979); *Marshall v. Arlene Knitwear, Inc.*, 454 F.Supp. 715 (E.D.N.Y.1978); *Buchholz v. Symons Mfg. Co.*, 445 F.Supp. 706 (E.D.Wis.1978), and *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324 (D.N.J.1975), reversed on other grounds, 550 F.2d 834 (3d Cir. 1977).

3. The court concludes that the plaintiffs are entitled to recover lost Bell Systems Savings Plan benefits as shown above. *Mistretta v. Sandia Corp.*, [18 EPD ¶ 8852] (D.C.N.M.1978).

4. The court concludes that the plaintiffs are entitled to recover lost social security benefits in the amounts shown above. *Mistretta v. Sandia Corp., supra,* and *Buchholz v. Symons Mfg. Co., supra.*

5. The court concludes that the plaintiffs are entitled to recover their loss in purchasing power on their back wages due to the non–speculative and mathematically exact impact of inflation in the amounts shown above. *Steckler v. United States,* 549 F.2d 1372 (10th Cir. 1977), *DeWeese v.*

*United States*, 419 F.Supp. 170 (D.Colo. 1976), aff'd, 576 F.2d 802 (10th Cir. 1978), and *Rowe v. Revlett*, Nos. 76–1097–98 (10th Cir., Aug. 22, 1977).

6. The court concludes that the plaintiffs are entitled to recover tax loss due to the bunching of their award for back compensation into one taxable period in the amounts shown above. *DeWeese v. United States, supra* ; and *United States v. Sommers*, 351 F.2d 354 (10th Cir. 1965).

7. The court concludes that the plaintiffs are entitled to recover in lieu of reinstatement, "front wages" in the amounts shown above. *Loeb v. Textron, Inc., supra; Hill v. Western Electric*, 596 F.2d 99, 19 FEP Cases 490 (4th Cir. 1979); and *Fitzgerald v. Sirloin Stockade, Inc.*, No. CIV–77–0467–E (W.D.Okla.).

8. The court concludes that the plaintiffs are not entitled to recover prejudgment interest on their lost back wages. *Brooklyn Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).

9. The court concludes that the plaintiffs are entitled to recover liquidated damages due to defendant's willful discrimination under the ADEA in an amount equal to the damages they recover for lost back wages, front pay, loss of Bell Systems Savings Plan contributions, loss of social security benefits, loss of purchasing power, and loss of additional taxes due to the bunched income affect. *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Loeb v. Textron, Inc., supra; Wehr v. Burroughs Corp.*, 619 F.2d 276, 22 FEP Cases 994 (3d Cir. 1980); and *Fellows v. Medford Corp.*, 431 F.Supp. 199 (D.Or.1977).

10. The court concludes that the plaintiffs are entitled to recover their reasonable attorney's fees and costs in the prosecution of this action. A reasonable fee is found to be $175,000.00.

11. Prior to this date the court orally advised counsel for all parties what its decision would be on the contested issues raised in the damage feature of this trial, and counsel agreed to compute the dollar amounts due and attempt to prepare an agreed judgment reflecting said amounts. This has now been done and an Order of Judgment approved by both counsel has been presented to the court and is being entered of even date herewith.