Royal E. SMITH, Plaintiff-Appellant,

v.

The OFFICE OF PERSONNEL MANAGEMENT, Defendant-Appellee.

No. 85–1115
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1985.

---

Hernandez, Inc., Frank P. Hernandez, Dallas, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., and Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before GEE, REAVLEY and HILL, Circuit Judges.

### OPINION

ROBERT MADDEN HILL, Circuit Judge:

We hold today that a federal employee may not recover damages for lost outside income in a case brought against the government under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. We also hold that other complained of errors in this case are without merit. Accordingly, we affirm the judgment entered in this case.

### I.

Plaintiff-appellant Royal E. Smith, a licensed psychologist, worked for the United States Civil Service Commission, now the Office of Personnel Management, from December 1972 until the fall of 1976 as a Personnel Research Psychologist. On March 3, 1976, Smith was not selected for promotion to a higher position. On October 21, 1976, Smith left his job and has been unable to return due to physical and psychiatric problems. On March 27, 1978, Smith gave notice that he was not returning to his employment due to the condition of his health.

On December 22, 1976, Smith filed a complaint with the Civil Service Commission alleging that he had been discrimi-

nated against on the basis of his age, sex, color, religion, and national origin. The Commission found that he had been discriminated against on the basis of age and ordered that he be made "whole in terms of restoration of rank and other benefits which he may have lost as a result of actions improperly taken against him." The Commission could not reinstate Smith because he was unable to return to work due to medical problems allegedly caused by the discrimination practiced against him. All of Smith's doctors agree that he is presently unable to work and that it is unlikely that he could ever return to his past work. When Smith left work on October 21, 1976, he began using up his accumulated sick leave and vacation time. He has since bought back the sick leave and vacation time he used so as to be able to receive disability benefits from the time he left work. Smith now receives disability retirement compensation for total disability calculated at 75% of his former gross pay; this income is not subject to federal income taxes.

After exhausting his administrative remedies, Smith filed his age discrimination suit in federal district court. The government stipulated liability, and the case went to trial on the damages and attorney's fee issues. The district court awarded Smith $1,764.52, the difference between what he would have earned had he been promoted when the government discriminated against him and what he would have earned at his former position. The cutoff date for the district court's damage determination was the date Smith indicated he would not be returning to work. The court did not award any damages for lost future wages because the disability compensation Smith received exceeded the after-tax income he had been earning. The court also awarded $6,481.25 in attorney's fees.

Smith appeals the amount of the damages award and the amount of the attorney's fee award. Smith asserts that he should have been awarded back pay, front pay, and pension benefits, all unreduced by the disability benefits he is receiving. He further asserts that he should receive liquidated damages for the government's alleged willful conduct, damages for pain and suffering, and damages for lost past and future outside consulting income. Only Smith's last claim, the one for lost past and future consulting income, merits serious discussion. His other claims will be disposed of after discussing his lost consulting income claim.

## II.

■ Smith conducted a part-time consulting practice from which he earned approximately $5,000 to $10,000 per year. Because he is now totally disabled and unable to conduct his part-time practice, he seeks damages to compensate him for this loss. The district court denied recovery for this loss on the ground that general and compensatory damages are not recoverable under the ADEA. While, as a general statement of law, the district court is correct, Smith's case presents a fact situation not previously encountered in ADEA cases. The vast majority of cases that make the statement that general and compensatory damages are not recoverable under the ADEA are cases where the plaintiff sought damages for pain and suffering or mental and emotional anguish. Smith's case differs because he presents a loss for tangible, easily measurable damages rather than intangible damages such as pain and suffering.

Smith's case is sufficiently different from past ADEA cases to require us to fully analyze his case rather than to simply affirm based on the holdings in the cases stating that general and compensatory damages are not recoverable. Additionally, we have not uncovered any discussion at the circuit court level as to whether non-pain-and-suffering compensatory damages may be recovered under the ADEA. We conclude that a government employee's damages are limited to lost wages; therefore, compensatory damages are not available to Smith.

The United States, as a sovereign, may not be sued unless it has waived its sover-

eign immunity, as it has done under the ADEA. 29 U.S.C. § 633a; *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). A waiver of sovereign immunity must be unequivocally expressed, *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), and conditions on which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548, 553–54 (1981); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). The question, then, is to what extent did the United States waive its immunity when it consented to be sued under the ADEA?

The ADEA, enacted in 1967, was amended in 1974 to include federal employees in its coverage. 29 U.S.C. § 633a. It provides in subsection (a) that: "All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... in executive agencies ... shall be made free from any discrimination based on age." Subsection (b) provides for enforcement of the ADEA: "[T]he Equal Employment Opportunity Commission is authorized to enforce the provisions of subsection (a) of this section through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section." Subsection (c) further provides: "Any person aggrieved may bring a civil action in any federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."

While subsection (b) is very specific about one type of relief which may be awarded, subsection (c) is totally nonspecific. Beyond the mention of reinstatement and back pay, the only guidance the statute gives is that the courts may award "such legal or equitable relief as will effectuate the purposes of this chapter." While this phrase, at first glance, appears to authorize a full range of remedies, the phrase must be placed in context. This court, interpreting a similar phrase appearing in the sec-

tion of the ADEA applicable to non-federal employees, has not read the phrase "grant such legal or equitable relief as may be appropriate" to authorize damages beyond those specifically provided for in the ADEA. *Dean v. American Security Insurance Company*, 559 F.2d 1036 (5th Cir. 1977), *see also, Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696 (S.D.N.Y. 1980).

■ Additionally, we must start our analysis by applying the constraint that a remedy against the sovereign is not to be implied. *Nakshian*, 453 U.S. at 161, 101 S.Ct. at 2701. The only specific remedy mentioned by the ADEA is back pay. To allow any recovery beyond back pay, we must find that Congress clearly intended that remedy to be available. Nothing in the ADEA indicates an intent by Congress to permit the recovery of damages beyond lost wages. The ADEA permits a narrow type of recovery in an area where the government has decided to waive its sovereign immunity. Had Congress intended to allow recovery for other damages besides lost wages, Congress easily could have provided for such a recovery. For example, in the portion of the ADEA applicable to non-federal employees, Congress allows recovery of liquidated damages from an employer who "willfully" discriminates on the basis of age. Thus we believe that Congress decided that an award of lost wages would sufficiently compensate the federal employee who suffers age discrimination. By providing for this limited recovery Congress balanced the interests of the injured employee against the interest of the government in limiting damage claims against it. Absent congressional intent to provide for the recovery of damages other than lost wages, we decline to imply such a recovery.

In the one case where the plaintiff sought non-pain-and-suffering compensatory damages under the ADEA, the district court denied the compensatory damages sought by the plaintiff. *Lyons v. Allendale Mutual Insurance Company*, 484 F.Supp. 1343 (N.D.Ga.1980). In *Lyons* the

plaintiff asserted that he had to sell his home and secure employment in another state after the defendant discriminatorily fired him. As a consequence, Lyons sought damages for moving expenses, increased commuting expenses, and the increased payments on his new house due to the higher interest rate on the new note. The court denied Lyons' recovery for his consequential damages stating: "The court agrees that the consequential damages Mr. Lyons seeks may not be awarded under the Act. It was not the purpose of the Act to allow recovery of general damages." *Id.* at 1344. We agree with the *Lyons* court that the purpose of the ADEA, at least in those cases involving the federal government, was not to allow recovery of general and consequential damages.

Section 633a was designed to provide federal employees protection from age discrimination in the same way that the portion of Title VII covering federal employees, 42 U.S.C. § 2000e–16, protects federal employees from other forms of discrimination.[1] Since section 633a is patterned after the provisions of Title VII covering federal employees, we may use the case law interpreting Title VII as precedent when construing section 633a. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979); *Gillispie v. Helms*, 559 F.Supp. 40, 41 (W.D.Mo.1983).

The one court applying Title VII to a claim for compensatory damages against the government held that a federal employee may not recover compensatory damages from the government in a Title VII suit. *Carter v. Marshall*, 457 F.Supp. 38, 40 (D.D.C.1978). Appellant has not cited and we cannot find any cases permitting recovery of compensatory damages from the government in a Title VII case. Since section 633a adopts the enforcement scheme used in Title VII cases brought by federal employees, it follows that compensatory damages are not available in a federal ADEA case. *See also Harris v. United States Department of the Treasury*, 489 F.Supp. 476 (N.D.Ill.1980) (court dismissed plaintiff's claim for compensatory damages in federal ADEA suit after plaintiff conceded that such damages were unavailable). We therefore hold that Smith may not recover damages for lost past or lost future consulting income under the ADEA.

### III.

In addition to damages for lost consulting income, Smith also sought damages for back pay, front pay, and pension benefits, all unreduced by the disability compensation he is receiving, and damages for pain and suffering, and liquidated damages.

The district court awarded Smith damages for the back pay differential between what he would have earned had he been promoted and what he would have earned had he remained in the government's employment at his present level. This amount was offset by the disability compensation he received during the time period before he indicated he would not be returning to work. The district court did not award Smith damages for lost front (future) pay or for lost pension benefits because the tax-free disability compensation he is receiving exceeds his past after-tax earnings.[2] Smith argues, however, that the

---

1. The principal sponsor of the amendment adding federal employees to the ADEA, Senator Lloyd Bentsen, stated that the "measures used to protect federal employees would be substantially similar to those incorporated" in the Title VII provisions applicable to federal employees. 118 Cong.Rec. 24397 (1972).

2. Because Smith is receiving disability compensation that exceeds any possible front pay award that he might be entitled to receive, we need not decide the question whether a federal ADEA claimant is entitled to receive front pay. This question rarely arises because in most cases a prevailing plaintiff is reinstated and there is no need to award front pay. However, we note that, in a case such as Smith's where the plaintiff is unable as a result of discrimination to earn his livelihood, an award of front pay probably would be necessary to "effectuate the purposes of the Act."

In enacting the ADEA Congress intended to provide a limited remedy for those federal employees injured by age discrimination. In order to accomplish this intent, it would appear that a

collateral source rule should apply and that his damages are not subject to offset. The collateral source rule provides that a plaintiff's recovery is not to be reduced by benefits received from a third party. *A.H. Bull Steamship Co. v. Ligon*, 285 F.2d 936 (5th Cir.1960).

■ We disagree with Smith's contention that the district court may not offset his recovery by the disability compensation he is receiving. The benefit he is receiving is not from a third party but is from the same party whom he is seeking damages from, the United States government. The collateral source rule does not apply when the collateral source is the defendant. *EEOC v. Enterprise Association Steamfitters Local No. 638*, 542 F.2d 579, 591 (2d Cir.1976); *Olivas v. United States*, 506 F.2d 1158, 1163–64 (9th Cir.1974).

■ Additionally, the law is clear that the district court has the discretion to reduce an age discrimination plaintiff's award by the sums he has received from other sources, including sums received from third parties. In *Orzel v. City of Wauwatosa Fire Department*, 697 F.2d 743 (7th Cir.1983), the district court deducted unemployment compensation, retirement benefits, and interim earnings from the back pay award. While we realize that *Orzel* did not involve a federal employee, we believe this is the rule that should be applied in cases involving federal ADEA claims. *See also Naton v. Bank of California*, 649 F.2d 691, 699–700 (9th Cir. 1981). We affirm the district court's ruling offsetting Smith's damages by the disability compensation he is receiving.

■ Smith further contends that he is entitled to recover damages for pain and suffering and liquidated damages. These claims are clearly without merit. All the circuit courts, including our circuit, that have addressed the issue in private sector cases have held that damages for pain and suffering are not recoverable under the ADEA. *See, e.g., Naton v. Bank of California*, 649 F.2d 691 (9th Cir.1981); *Dean v. American Security Insurance Company*, 559 F.2d 1036 (5th Cir.1977); *Rogers v. Exxon Research and Engineering Company*, 550 F.2d 834 (3d Cir.1977). We believe that Congress certainly did not intend to give this remedy to federal employees in ADEA suits. *Carter v. Marshall*, 457 F.Supp. 38, 42 (D.D.C.1978). Furthermore, pain and suffering damages are not available in Title VII suits against the government. *Wilson v. Califano*, 473 F.Supp. 1350 (D.Colo.1979). We therefore hold that damages for pain and suffering are not recoverable in a suit against the government under the ADEA.

■ Smith's claim for liquidated damages is even more frivolous. *Chambers v. Weinberger*, 591 F.Supp. 1554 (D.C.Ga. 1984); *Wilkes v. United States Postal Service*, 548 F.Supp. 642 (D.C.Ill.1982). There is no mention of liquidated damages in section 633a, the self-contained section of the ADEA applicable to federal employees. Liquidated damages are permitted only in private sector cases in which the employer's conduct is willful. 29 U.S.C. § 626. Had Congress intended to allow such an extraordinary remedy in a suit against the United States, certainly Congress would have expressly provided for it. We refuse

federal employee who lost his ability to work due to age discrimination would have to be entitled to recover his lost wages. Limited authority exists for the award of front pay in private ADEA cases and in Title VII cases. *See Blim v. Western Electric Co.*, 496 F.Supp. 818 (W.D.Okla.1980) (court allowed recovery of front pay up until the time of retirement in lieu of reinstatement in private ADEA case where plaintiffs were all scheduled to retire within the next year); *EEOC v. Kallir, Philips, Ross, Incorporated*, 420 F.Supp. 919 (S.D.N.Y.1976), *aff'd*

mem., 559 F.2d 1203 (2d Cir.), *cert. denied*, 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977) (court awarded one year's pay to plaintiff in private Title VII case who could not be reinstated due to hostility at place of former employment); *Hyland v. Renner Products Co.*, 13 Emp. Prac.Dec. ¶ 11,427 (S.D.Ohio 1976) (court awarded six months pay to plaintiff in private Title VII case); *see also Wehr v. Burroughs Corp.*, 619 F.2d 276 (3d Cir.1980); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979).

to imply such a remedy in a suit against the sovereign.

## IV.

Smith's last complaint is that the district court abused its discretion in its award of attorney's fees. Smith does not dispute the district court's method of calculating attorney's fees but argues that since the district court erred in calculating the damages and since the attorney's fee award is correlated to the damages, the attorney's fee award must be revised in light of error in the calculation of the damages. Since we find no error in the district court's calculation of damages, there is no need for revision of the attorney's fee award.

The judgment of the district court is AFFIRMED.