787 F.2d 300
 40 Fair Empl.Prac.Cas. 630,
39 Empl. Prac. Dec. P 36,044, 54 USLW 2504
 Alfred L. PALMER, Appellant,
v.
GENERAL SERVICES ADMINISTRATION; John B. Platt, Regional
Administrator, General Services Administration, Region VI;
Ray Kline, Acting Administrator General Services
Administration, Central Office, Appellees.
 No. 85-1121.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1985.
Decided March 18, 1986.
Rehearing and Rehearing En Banc Denied May 1, 1986.
 
 Arthur Benson, Kansas City, Mo., for appellant.
 Frederick O. Griffin, Kansas City, Mo., for appellees.
 Before HEANEY, FAGG, and BOWMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Alfred Palmer appeals the dismissal of his civil complaint brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Sec. 621 et seq. We affirm.
 
 
 2
 Palmer is a former employee of the General Services Administration (GSA). In 1980, Palmer filed an administrative complaint against GSA claiming it had discriminated against him because of his age in violation of the ADEA. Palmer eventually prevailed on that complaint and was awarded both a retroactive promotion and back pay. GSA, however, refused to award Palmer attorneys' fees and costs (collectively attorneys' fees or fees).
 
 
 3
 Palmer then instituted the present judicial action seeking an award of fees against GSA. The district court rejected Palmer's claim and dismissed his action after concluding that the ADEA did not authorize it to award fees to someone in Palmer's position. This appeal followed.
 
 
 4
 A single issue is presented by Palmer's appeal. Specifically, is this court authorized to award attorneys' fees to a federal employee who prevails at the administrative level on a claim of age discrimination brought under the ADEA?
 
 
 5
 As an initial matter, we note that the issue presented in this case was addressed by the Court of Appeals for the District of Columbia in Kennedy v. Whitehurst, 690 F.2d 951 (D.C.Cir.1982). In that case, a claim of attorneys' fees was filed in federal district court by a federal employee who like Palmer had prevailed on an age discrimination complaint at the administrative level. See id. at 953-54.
 
 
 6
 As here, the district court rejected the employee's claim and refused to award fees. On appeal, the court of appeals affirmed the district court, concluding it was not authorized to award fees "to a federal employee who secures relief [on his ADEA claim] solely through administrative processes." Id. at 966. Like the court in Kennedy, we are constrained to conclude that we have no authority to make an award of fees in this case.
 
 
 7
 Because any liability imposed in this case will run against the federal government, the doctrine of sovereign immunity imposes an initial barrier to Palmer's claim. Under that doctrine, this court is without authority to impose any type of liability on the government, unless an "unequivocally expressed" congressional waiver is present. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)). Additionally, even if Congress has waived the government's immunity in a particular case, the terms and conditions of that waiver must be strictly and narrowly construed and all doubts must be resolved in favor of the government. Premachandra v. Mitts, 753 F.2d 635, 641 (8th Cir.1985) (en banc); see also Tongol v. Donovan, 762 F.2d 727, 730 (9th Cir.1985).
 
 
 8
 Underscoring the overriding principle of sovereign immunity in this case is the American Rule of attorneys' fees. Under that rule, absent express statutory authorization to the contrary, each party is ordinarily required to pay its own attorneys' fees. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247-62, 95 S.Ct. 1612, 1616-24, 44 L.Ed.2d 141 (1975); see also Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983); Cornella v. Schweiker, 728 F.2d 978, 981 (8th Cir.1984); see generally Alyeska, 421 U.S. at 260 n. 33, 95 S.Ct. at 1623 n. 33; Marek v. Chesny, --- U.S. ----, 105 S.Ct. 3012, 3036-39, 87 L.Ed.2d 1 (1985) (Brennan, J., dissenting) (both listing numerous specific attorneys' fees provisions adopted by Congress).
 
 
 9
 Further, the American Rule traditionally applies in all cases, including those in which the government has waived sovereign immunity and consented to suit. Consequently, "a general waiver of sovereign immunity should not be construed to extend to attorney's fees unless Congress has clearly indicated that it should." Fitzgerald v. United States Civil Service Commission, 554 F.2d 1186, 1189 (D.C.Cir.1977). Rather, in addition to a general waiver of immunity, Congress must in some way expressly indicate its intent to depart from the general rule that each party is to pay its own fees.
 
 
 10
 In light of these principles, the appropriate scope of our inquiry is whether Congress, in addition to a general waiver of sovereign immunity, has "clearly and unequivocally," Lehman, 453 U.S. at 162, 101 S.Ct. at 2702, by "specific and explicit" statutory provision, Alyeska, 421 U.S. at 260, 95 S.Ct. at 1623, provided for the recovery of attorneys' fees by a federal employee who successfully prosecutes an ADEA claim at the administrative level. To answer this question, "the starting point for our analysis must be the plain language of the [ADEA] itself." United States Marshals Service v. Means, 741 F.2d 1053, 1056 (8th Cir.1984) (en banc).
 
 
 11
 As originally enacted, the ADEA was not applicable to federal employees. In 1974, however, Congress amended the ADEA for the specific purpose of including federal employees within the scope of the Act. To accomplish this purpose, Congress, rather than simply incorporate federal employees within the existing provisions of the ADEA, adopted a new provision applicable only to federal employees.
 
 
 12
 This provision, section 15, 29 U.S.C. Sec. 633a, authorizes federal employees to challenge potentially discriminatory decisions both administratively and judicially. Id. Sec. 633a(b)-(d). And, with respect to the remedies available to federal employees who have been discriminated against, section 15 authorizes this court to award "such legal or equitable relief as will effectuate the purposes of [the ADEA]." Id. Sec. 633a(c).
 
 
 13
 Significantly, however, while authorizing this court to award both legal and equitable relief, section 15 does not make explicit provision for the recovery of attorneys' fees. In fact, neither the language of section 15 nor the sparse legislative history accompanying section 15 makes any reference whatsoever to the availability of attorneys' fees. Further, if attorneys' fees are to be available, authorization must flow from section 15 itself since "[s]ection 15 * * * is complete in itself," H.R.Rep. No. 527, 95th Cong., 1st Sess. 11 (1977), and is intended to be "self-contained and unaffected by the other sections [of the ADEA]." Lehman, 453 U.S. at 168, 101 S.Ct. at 1205; accord Kennedy, 690 F.2d at 956.
 
 
 14
 The absence of any attorneys' fees provision in section 15 is particularly highlighted by the express inclusion of such provisions in other antidiscrimination legislation enacted by Congress. For example, in the ADEA itself, Congress specifically adopted an attorneys' fees provision applicable to claims brought by nonfederal employees. See 29 U.S.C. Sec. 626(b) (incorporating by reference the attorneys' fee provision of 29 U.S.C. Sec. 216(b)). Further, under Title VII of the Civil Rights Act, Congress specifically authorized attorneys' fees both for nonfederal employees, 42 U.S.C. Sec. 2000e-5(k), and for federal employees, id. Sec. 2000e-16(d) (incorporating by reference the attorneys' fees provision of 42 U.S.C. Sec. 2000e-5(k)). In each of these three cases, Congress saw fit to include express attorneys' fees provisions despite the presence of broad remedial language similar to that adopted in section 15. See 29 U.S.C. Sec. 626(c); 42 U.S.C. Sec. 2000e-5(g); id. Sec. 2000e-16(d) (incorporating by reference the remedial language of 42 U.S.C. Sec. 2000e-5(g)).
 
 
 15
 Additionally, like the ADEA, Title VII initially did not cover federal employees. However, when Title VII was amended to include such employees, 42 U.S.C. Sec. 2000e-16, express provision was made for the awarding of attorneys' fees, id. Sec. 2000e-16(d). By contrast, when Congress amended the ADEA to include federal employees, section 15 contained no attorneys' fees provision even though section 15 was patterned in part on key provisions of the federal employees' section of Title VII. See Lehman, 453 U.S. at 163-64, 101 S.Ct. at 2703.
 
 
 16
 Despite the absence of a statutory provision expressly authorizing an award of fees, Palmer contends that congressional intent to allow such fees may be gleaned from the broad "will effectuate the purposes" language of section 15, 29 U.S.C. Sec. 633a(c), coupled with the remedial policies underlying the ADEA as a whole. Because we conclude that Palmer's position is inconsistent with controlling Supreme Court precedent, we reject it.
 
 
 17
 In Alyeska, the Supreme Court emphasized that courts are not authorized to ignore the American Rule and award fees simply because they believe "the public policy furthered by a particular statute important enough to warrant the award." Alyeska, 421 U.S. at 263, 95 S.Ct. at 1625. Rather, it is for Congress, by "specific and explicit" statutory provisions, id. at 260, 95 S.Ct. at 1623, to determine "the circumstances under which attorneys' fees are to be awarded and the range of discretion [to be exercised by] the courts in making those awards," id. at 262, 95 S.Ct. at 1624. Thus, absent such authorization, this court has no authority to award fees, and each party will be required to pay its own attorneys' fees.
 
 
 18
 Very simply, section 15 contains no provision specifically providing for an award of fees. Further, even assuming an express attorneys' fees provision is not absolutely required under Alyeska, the legislative history accompanying section 15 is equally devoid of the kind of unequivocally expressed intent necessary to authorize an award of fees against the government. While Palmer would have this court construe the broad language of section 15 to authorize an award of fees in this case, to reach such a result would require this court to ignore the mandate of Alyeska and to imply a remedy not expressly provided for by Congress. This we have no authority to do. See Lehman, 453 U.S. at 160-61, 101 S.Ct. at 2701; United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); Saldana v. Merit Systems Protection Board, 766 F.2d 514, 516 (Fed.Cir.1985).
 
 
 19
 We conclude that this court is not authorized by the ADEA to award fees to someone in Palmer's position. While Palmer advances many policy considerations that arguably would justify such an award, these arguments are more properly addressed to Congress rather than this court. Our obligation is clear, and we have no choice but to deny Palmer's request for fees.
 
 
 20
 The decision of the district court dismissing Palmer's complaint is affirmed.
 
 
 21
 HEANEY, Circuit Judge, dissenting.
 
 
 22
 I respectfully dissent. In my view, the majority opinion ignores the intent of Congress to give individuals who have been discriminated against because of their age the same remedies that they would have had if they had been victims of race or sex discrimination. It will also discourage settlement of cases at the administrative level and will lead to an increased filing of ADEA cases in the federal courts.
 
 
 23
 Although the ADEA does not expressly state that an agency may award attorneys' fees, it does state that "the Equal Employment Opportunity Commission is authorized to enforce the [federal employee section of the Act] through appropriate remedies * * * as will effectuate the policies of this section." 29 U.S.C. Sec. 633a(b).
 
 
 24
 Identical statutory language was construed in Smith v. Califano, 446 F.Supp. 530 (D.D.C.1978), a Title VII case, to authorize the award of administrative attorneys' fees by an agency:
 
 
 25
 The Supreme Court has emphasized that one of the central policies of Title VII is to make whole the person who has been subjected to discrimination, and an award of attorneys' fees is a significant means of accomplishing that. Thus although Title VII does not expressly state that an agency may award attorneys' fees, it does state that the agency is to enforce the Act "through appropriate remedies ... as will effectuate the policies of this section ...." 42 U.S.C. Sec. 2000e-16(b) (Supp. V 1975). Because the "make-whole" concept is one of those policies, this provision can be read to permit the agency to award attorneys' fees, thereby making whole one who prevails before it.
 
 
 26
 Smith v. Califano, 446 F.Supp. 530, 533 (1978). And, "since section 633a is patterned after the provisions of Title VII covering federal employees, we may use the case law interpreting Title VII as precedent when construing section 633a." Smith v. Office of Personnel Management, 778 F.2d 258, 262 (5th Cir.1985); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Thus, section 633a(b) should be construed to permit attorneys' fees at the administrative level.
 
 
 27
 Further, the ADEA is intended to give administrative agencies limited opportunities to resolve problems of employment discrimination and thereby to make resort to federal relief by victims of the discrimination unnecessary. Denying recovery of fees would encourage complainants to wait out the thirty-day deferral period and focus only on obtaining judicial relief. Only the authorization of fee awards ensures incorporation of administrative procedures as a meaningful part of the ADEA enforcement scheme.
 
 
 28
 Finally, if the logic of the majority opinion is to be accepted, then there would be no basis for allowing attorneys' fees to federal employees who are victims of age discrimination who establish the validity of their claim in a judicial proceeding. Yet, the government cites no case in which such attorneys' fees have been disallowed. At least three district courts have specifically authorized attorneys' fees in this context. See, Sterling v. Lehman, 574 F.Supp. 415, 417 (N.D.Cal.1983); Krodel v. Young, 576 F.Supp. 390, 395 (D.D.C.1983); DeFries v. Haarhues, 488 F.Supp. 1037, 1045 (C.D.Ill.1980). Two circuit courts have similarly authorized attorneys' fees in this context and did so without discussion. Smith v. Office of Personnel Management, 778 F.2d 258, 264 (5th Cir.1985); Johnson v. Lehman, 679 F.2d 918, 919 (D.C.Cir.1982). And these Courts have done so without relying on specific statutory language. The fact is that there is no specific provision in the ADEA which authorizes the payment of attorneys' fees in a judicial proceeding. The right to such a fee is inferred from 29 U.S.C. Sec. 633a(c): "Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." The majority fails to explain how we can infer the right to attorneys' fees in a judicial proceeding and not infer it in an administrative proceeding from section 633a(b). A conclusion that the purpose of the ADEA is to make plaintiffs who participate in a judicial proceeding whole but those who participate in an administrative proceeding something less than whole is anomalous and is not supported by the language, history or structure of the act, or by logic.