**Royal E. SMITH, Plaintiff,**

v.

**The OFFICE OF PERSONNEL MANAGEMENT, formerly United States Civil Service Commission, Defendant.**

**Civ. A. No. 3–83–0179–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 4, 1990.

John F. Hamje, Austin, Tex., for plaintiff.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Plaintiff Royal E. Smith's Motion to Enforce Judgment, filed February 25, 1988; Plaintiff's Supplemental Motion to Enforce Judgment, filed April 3, 1990; Defendant Office of Personnel Management's Opposition to Plaintiff's Motions, deemed and treated as a response, filed May 14, 1990; and Plaintiff's Reply, filed May 24, 1990.

Smith seeks declaratory and injunctive relief to stop the government from withholding disability compensation payments in order to recover past overpayments to Smith. Alternatively, Smith seeks relief from this Court's Judgment of December 5, 1984. For the reasons given below, Smith's motion is DENIED.

### I. Facts.

Plaintiff Royal E. Smith worked as a Personnel Research Psychologist for the United States Civil Service Commission, now the Office of Personnel Management ("OPM"), from December 1972 until the fall of 1976. Smith was passed over for a promotion on March 3, 1976, and on October 21, 1976 he left his job due to health problems and began receiving disability compensation. On March 27, 1978, Smith gave notice that he would not return to his job due to his poor health.

In 1983 Smith brought suit in this Court pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633 *et seq.*, alleging discriminatory denial of his promotion in March 1976. On May 31, 1984 OPM stipulated to its liability under the ADEA and on December 5, 1984 this Court entered judgment against OPM.[1] The Court awarded Smith damages for the back pay differential between what he would have earned had he been promoted and what he would have earned had he remained employed at his present level. This amount was offset by the disability compensation he received between October 21, 1976 and March 27, 1978, when he indicated he would not return to work. The Court did not award Smith damages for future pay or for lost pension benefits because his tax-free disability compensation exceeded his past after-tax earnings.

The Fifth Circuit affirmed this Court's ruling, and the Supreme Court denied certiorari. *See Smith v. Office of Personnel Management,* 778 F.2d 258 (5th Cir.1985), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1949, 90 L.Ed.2d 358 (1986).

---

1. The Court's Order in this case was entered on November 26, 1984, December 5, 1984, and January 16, 1985. Only the December 5 part of the Order is at issue in the present action.

646

On July 2, 1987 Smith was informed by the Office of Workers' Compensation Programs ("OWCP") that his disability compensation was declared forfeit for the periods June 19, 1978 to June 19, 1979, September 7, 1979 to September 7, 1980, and September 19, 1981 to August 18, 1982 because the OWCP found that he failed to report earned income during those periods. Because recipients of disability compensation are not entitled to compensation for periods during which they fail to report earnings, the OWCP began to withhold Smith's compensation checks in order to recover an alleged overpayment of $112,-488.43.

In the present action, Smith alleges that the OWCP's 1987 action "overruled and reversed this Court and the Fifth Circuit and nullified the judgment against OPM," Plaintiff's Memorandum in Support of Motion at 2, and accordingly seeks a declaratory judgment and injunctive relief. Defendant OPM argues that Smith's present action is a "judicially prohibited 'backstairs attempt' to obtain review of an OWCP decision...." Defendant's Response at 5. Thus, the issue before the Court is whether the OWCP's July 2, 1987 action constitutes an attack on this Court's December 5, 1984 Judgment.

## II. Analysis.

■ In the present case Smith does not challenge the OWCP's action on substantive grounds; that is, Smith does not here argue that he did not fail to report earnings while receiving disability compensation payments, nor does he argue that the government may not normally recover overpayments when disability compensation recipients fraudulently obtain such payments. Indeed, Smith does not dispute OWCP's findings of wrongdoing on his part: "Dr. Smith does not seek judicial

review of the merits of any decision of the Office of Workers' Compensation Programs ... or the Department of Labor...."[2] Plaintiff's Reply at 2. Instead, Smith argues that his disability compensation payments are protected from recovery by the government because they constitute the damages this Court awarded him in its Order of December 5, 1984.[3] Thus, Smith's entire case rests on his claim that "the disability pay was substituted for the money damages awarded against the government; the disability pay *became* Dr. Smith's award for the earnings and pension benefits he lost due to age discrimination." Plaintiff's Memorandum in Support at 3–4.

The Court awarded Smith damages of $1,764.52, representing the difference between what he would have earned had the government not discriminated against him, and what he would have earned at his former position between the time of the discrimination and the time he gave notice that he would not return to employment. "The cutoff date for the district court's damage determination was the date Smith indicated he would not be returning to work." *Smith, supra,* 778 F.2d at 260; *see* Tr. at 49 ("Defendant's liability for lost wages ended March 27, 1978"). In other words, Smith's injury due to age discrimination by OPM lasted from March 3, 1976 to March 27, 1978. The damages due him for this injury were offset by the disability compensation benefits he received between October 21, 1976 and March 27, 1978.

The Court did not award front pay, that is, damages for earnings lost after March 27, 1978, because such an award would have been less than Smith received in disability compensation and would have resulted in Smith's forfeiting the disability compensation. *See Smith, supra,* 778 F.2d at 262 n. 2 (noting that "Smith is receiving

---

2. Smith's suggestion that his acquittal on criminal charges that he wrongly received disability compensation precludes civil liability for failing to report earned income, *see* Plaintiff's Memorandum in Support at 4–5, is without merit. *See Helvering v. Mitchell,* 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938) (citing *Stone v. United States,* 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127 (1897) in holding that "acquittal on a criminal charge is not a bar to a civil action by

the government, remedial in its nature, arising out of the same facts").

3. Absent Smith's claim that the withheld disability compensation payments constitute his ADEA award his available remedies and procedures would be administrative, governed by 20 CFR §§ 10.130–.148 and 20 CFR § 501 *et seq.*

 

disability compensation that exceeds any possible front pay award that he might be entitled to receive"); 5 U.S.C. § 8116(a) (providing that an employee receiving disability compensation may not receive other remuneration of any type from the United States except as provided); Tr. at 50–51 (considering Smith's disability compensation in determining extent of back pay to make him whole without permitting double recovery); *id.* at 7 ("I am not going to allow the front pay").

██ In short, the uncontested facts show that Smith's right to disability compensation payments after March 27, 1978 is unrelated to his ADEA award, but rather is governed by the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* Because the OWCP found that Smith's violations for not reporting earnings occurred after March 27, 1978, the present action is unrelated to this Court's award of damages in the ADEA case. Accordingly, the Court DENIES Smith's request for declaratory and injunctive relief.[4]

Smith seeks alternative relief pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6). The pertinent parts of Rule 60 provide that the Court may relieve a party from a final judgment when it is no longer equitable that the judgment should have prospective application, or for other reasons justifying relief. The Court cannot find any reason to grant relief pursuant to Rule 60. *See generally* C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2863–2864 (1973 & Supp.1990) (citing cases establishing standards for district court's exercise of discretion under Rule 60(b)(5) and (6)).

### III. Conclusion.

For the foregoing reasons, the Court DENIES Plaintiff Royal Smith's Motion to Enforce Judgment and for Declaratory and Injunctive Relief and, in the Alternative,

Motion for Relief from Judgment and to Reopen Case.

SO ORDERED.

</div>

---

Furthermore, Smith's claim to injunctive relief from the requirement of reporting earned income to the OWCP, *see* Proposed Order Granting Plaintiff's Supplemental Motion at 2, is without legal basis. *See* 5 U.S.C. § 8106(b) (providing for employee reports of earnings); 20 CFR § 10.125 (requiring periodic reports of earnings).